UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KYLE SHERMAN, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | |
| v. | : | Civil Action No. 1:13-cv-06032 |
| TAEYEON MACHINERY COMPANY, LTD., BNC REBAR MACHINE U.S.A., INC., C MARSHALL FABRICATION MACHINERY, INC., and ABC RESPONSIBLE ENTITIES, jointly, severally, and/or in the alternative, | : : : | **MEMORANDUM OPINION** |
| Defendants. | : | |

This matter is before the Court on Defendant C Marshall Fabrication Machinery, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). For the reasons set forth below, the motion will be granted.

## Background

Plaintiff, Kyle Sherman, was working at APS Supply in Beverly, New Jersey as a Rebar Fabricator on or about October 26, 2011. (Am. Compl. ¶ 8.) While Plaintiff was working with a Taeyeon TYR-HD-25B spiral bender, the machine jammed. (Am. Compl. ¶ 9.) As Plaintiff attempted to release the jam, the machine turned back on, drawing his hand into the wheels and causing him to sustain permanent injuries, including the amputation of two fingers on his right hand. (Am. Compl. ¶ 9.) As a result of these injuries, Plaintiff asserts claims for negligence and strict liability.[1]

Defendant, C Marshall Fabrication Machinery, Inc. ("Defendant"), is a California corporation with its principal place of business and sole residential office located in Simi

---

[1] Plaintiff's claims against Defendants Taeyeon Machinery Company, Ltd., BNC Rebar Machine U.S.A., Inc., and ABC Responsible Entities are not relevant to determination of the instant motion.

Valley, California. (Aff. of Carroll Marshall ¶¶ 3, 7.) The corporation sells metal working and fabrication machinery. (Aff. of Carroll Marshall ¶ 4.) Carroll Marshall and his wife, Sonja Marshall, are the only employees of C Marshall. (Aff. of Carroll Marshall ¶ 5.) C Marshall does not have an office in New Jersey nor does it own or rent real property in New Jersey. (Aff. of Carroll Marshall ¶¶ 8, 10.) C Marshall does not have any employees, agents, or representatives in New Jersey. (Aff. of Carroll Marshall ¶¶ 12, 13.) C Marshall is not licensed to transact business in New Jersey, nor does it maintain any bank accounts in New Jersey. (Aff. of Carroll Marshall ¶¶ 9, 11.) Further, C Marshall does not direct any advertising or solicitations solely towards New Jersey, nor has either employee ever travelled to New Jersey on behalf of C Marshall to attend any trade show or to solicit business. (Aff. of Carroll Marshall ¶¶ 14, 15.)

C Marshall has no relationship with APS Supply Co., Inc. ("APS Supply"). (Aff. of Carroll Marshall ¶ 19.) C Marshall has never sold or distributed any machine to APS Supply, including the Taeyeon TYR-HD-25B spiral bender machine. (Aff. of Carroll Marshall ¶¶ 20, 21.) The Taeyeon TYR-HD-25B spiral bender machine upon which Plaintiff was injured was sold to APS Supply at the World of Concrete Trade Show in Las Vegas, Nevada in either 2008 or 2009 by Defendant BNC Rebar Machine, U.S.A., Inc. (Aff. of Carroll Marshall ¶ 22.) C Marshall did not attend the World of Concrete Trade Show in Las Vegas either of those years. (Aff. of Carroll Marshall ¶ 23.)

C Marshall became an authorized distributor of Taeyeon Machinery Company, Ltd. Products on January 1, 2012. (Aff. of Carroll Marshall ¶ 16.) Prior to January 1, 2012, C Marshall sold only a few Taeyeon products to entities in Alabama, California, and Ohio. (Aff. of Carroll Marshall ¶ 17.) None of these products were sold to any entities located in New Jersey. (Aff. of Carroll Marshall ¶ 17.)

C Marshall has only sold one TYR-HD-25B spiral bender machine in New Jersey. (Aff. of Carroll Marshall ¶ 25.) This sale occurred in 2013. (Aff. of Carroll Marshall ¶ 25.)

## Discussion

In the context of a motion to dismiss for lack of personal jurisdiction, a plaintiff has the burden of persuasion to establish that jurisdiction is proper and must provide facts based upon competent evidence, such as affidavits, to prove jurisdiction. Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009); see also Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984) (explaining that, unlike a motion for failure to state a claim, a plaintiff may not rely on pleadings alone for contests of personal jurisdiction).[2]

Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure allows a federal district court to "exercise[ ] personal jurisdiction according to the law of the state where it sits." O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007). Normally, this is a two-part inquiry; there must be a state statutory basis for exercising jurisdiction over a non-resident defendant as well as a constitutional basis whereby the minimum contacts between the non-resident and the forum state satisfy due process under the Fourteenth Amendment. See Metcalfe, 566 F.3d at 330. New Jersey's long-arm rule, however, extends jurisdiction over non-resident defendants to the full extent permitted by the United States Constitution. Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 145 (3d Cir. 1992); see also N.J. Ct. R. 4–4(b)(1). As such, inquiry into whether personal

---

[2] A plaintiff's burden of proof depends on whether an evidentiary hearing is held. Metcalfe, 566 F.3d at 330-31; see also Lasala v. Martin Popular Bank Pub. Co., 410 F. App'x 474, 476 (3d Cir. 2011). If a court conducts an evidentiary hearing, a plaintiff must prove personal jurisdiction by a preponderance of the evidence. Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992); see also Lasala, 410 Fed. App'x at 476. If no evidentiary hearing takes place, a plaintiff need only offer a prima facie case for personal jurisdiction, and a court must accept a plaintiff's allegations as true and construe disputed facts in its favor. O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007) (citing Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004)).

3

jurisdiction exists over a non-resident defendant in New Jersey collapses into the due process analysis under the Constitution. Carteret, 954 F.2d at 145.

Personal jurisdiction may be exercised under two distinct theories: general jurisdiction or specific jurisdiction. O'Connor, 496 F.3d at 317.

General personal jurisdiction exists when the evidence shows the defendant's contacts with the forum, whether or not related to the litigation, are "continuous and systematic." Helicopteros Nacionales de Colombia. S.A. v. Hall, 466 U.S. 408, 416 (1984). In other words, "the defendant has purposefully directed its activities toward residents of the forum state or otherwise purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998) (internal quotations and citations omitted). General jurisdiction requires "a very high threshold of business activity." Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am., 651 F.2d 877, 891 n.2 (3d Cir. 1981).

Plaintiff does not offer any evidence of continuous and systematic contacts between Defendant and this forum. In contrast, Defendant offers the following uncontested statements regarding the lack of continuous and systematic contacts with the state:

- C Marshall is incorporated and has its principal place of business in California. (Aff. of Carroll Marshall ¶¶ 3, 7.)

- C Marshall does not have an office in the State of New Jersey, nor is it licensed to transact business in the State of New Jersey. (Aff. of Carroll Marshall ¶¶ 8, 9.)

- C Marshall does not own or rent real property in the State of New Jersey, nor does C Marshall maintain bank accounts in the State of New Jersey. (Aff. of Carroll Marshall ¶¶ 10, 11.)

- C Marshall does not have any employees in the State of New Jersey, nor does it have any agents or representatives in the State of New Jersey. (Aff. of Carroll Marshall ¶¶ 12, 13.)

- C Marshall does not direct any advertising or solicitations solely towards the State of New Jersey. (Aff. of Carroll Marshall ¶ 14.)

- Neither of C Marshall's two employees has traveled to the State of New Jersey to attend any trade show or to solicit business on behalf of C Marshall. (Aff. of Carroll Marshall ¶ 15.)

The Court is mindful that "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n.13 (1978). In this situation, however, jurisdictional discovery is not warranted. "If a plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state,' the plaintiff's right to conduct jurisdictional discovery should be sustained." Toys "R" Us v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003) (quoting Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992)). While courts should generally allow jurisdictional discovery if there is a possibility that jurisdiction may exist, Plaintiff here fails to demonstrate with any particularity that general jurisdiction might exist.

Specific personal jurisdiction exists when the relationship among the forum, the defendant, and the cause of action are such that the defendant purposely avails itself of the forum's laws, the cause of action is related to or arises out of the defendant's contacts with the forum, and the defendant "should reasonably anticipate being hauled into court there." Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1221-22 (3d Cir. 1992) (internal citations and quotations omitted). In the Third Circuit, a three-part inquiry determines whether specific personal jurisdiction exists:

> First, the defendant must have purposefully directed his activities at the forum. Second, the plaintiff's claim must arise out of or relate to at least one of those specific activities. Third, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise comports with fair play and substantial justice.

Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007) (internal quotations marks and citations omitted); accord O'Connor, 496 F.3d at 317.

Under the first prong of the inquiry, a defendant must "purposefully avail [ ] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958); accord O'Connor, 496 F.3d at 317. Although "[p]hysical entrance is not required, . . . what is necessary is a deliberate targeting of the forum." O'Connor, 496 F.3d at 317. Accordingly, "the 'unilateral activity of those who claim some relationship with a nonresident defendant' is insufficient." Id. (quoting Hanson, 357 U.S. at 253); see also Osteotech, Inc. v. GenSci Regeneration Scis., Inc., 6 F. Supp. 2d 349, 353 (D.N.J. 1998) (stating that "[a] single, unsolicited contact, random or fortuitous acts or the unilateral acts of others (including the plaintiff) do not constitute a purposeful connection between the defendant and the forum state").

A single act, however, can support jurisdiction if that contact creates a substantial connection with the forum and is connected with the injury sued upon. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 n.18 (1985). Telephone calls, mail, or electronic communications sent by a defendant into the forum may also count toward minimum contacts that support jurisdiction, see Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 482 (3d Cir. 1993), but they do not trigger personal jurisdiction unless they show purposeful availment. Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 455 (3d Cir. 2003).

Under the second prong of the inquiry, a plaintiff's "claims must also 'arise out of or relate to' at least one" purposefully directed contact. O'Connor, 496 F.3d at 318 (quoting Helicopteros, 466 U.S. at 414). For a purposefully-directed contact to arise out of or relate to a claim, the contact must not only be a but-for cause of the claim but must also be "a closer and more direct causal connection" such that "[w]ith each purposeful contact by an out-of-state resident, the forum state's laws will extend certain benefits and impose certain obligations." O'Connor, 496 F.3d at 323. The relatedness requirement "must keep the jurisdictional exposure that results from a contact closely tailored to that contact's accompanying substantive obligations." Id.

Under the third prong of the specific personal jurisdiction inquiry, a court must "consider whether the exercise of jurisdiction would otherwise comport with 'traditional notions of fair play and substantial justice.'" O'Connor, 496 F.3d at 324 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Specifically, "[t]he existence of minimum contacts makes jurisdiction presumptively constitutional, and the defendant 'must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" O'Connor, 496 F.3d at 324 (quoting Burger King, 471 U.S. at 477). This is a heavy burden for the defendant to meet. Grand Entm't Grp., 988 F.2d at 483. When considering jurisdictional reasonableness, a court considers several factors, including: (1) the burden on the defendant; (2) the plaintiff's interest in convenient and effective relief; (3) the forum's interest in adjudicating the dispute; (4) the interstate or international judicial system's interest in obtaining an efficient resolution; and (5) the procedural and substantive interests of other countries. O'Connor, 496 F.3d at 324 (internal citations omitted).

The facts set forth in Plaintiff's Amended Complaint are not sufficient to make a prima facie showing that specific personal jurisdiction exists. Plaintiff has not introduced any additional evidence to sufficiently satisfy any of the three prongs of the specific jurisdiction analysis provided by the Third Circuit. Plaintiff has not met his burden of establishing that Defendant purposefully directed his activities at the forum. While Plaintiff alleges in the Amended Complaint that Defendant was a corporation "doing business in the State of New Jersey," there are no facts to substantiate this claim. Further, even if Defendant did business in New Jersey, there is nothing to indicate that Defendant *purposefully directed* his activities at the forum such that Defendant should reasonably anticipate being hauled into court in New Jersey. Moreover, Defendant provides that C Marshall does not advertise or solicit business specifically towards New Jersey.

Plaintiff has not met his burden of establishing that his claims arise out of or relate to one of the specific activities. Plaintiff states in the Amended Complaint that Defendant was engaged in the business of marketing, selling, and distributing Taeyeon TYR-HD-25B rebar spiral bender machines. However, Defendant provides in Carroll Marshall's Affidavit that C Marshall did not sell any Taeyeon products in New Jersey prior to 2012. Since Plaintiff's injury was in October 2011, the negligence and strict liability claims cannot be said to arise out of or relate to Defendant's marketing, selling, and distributing of Taeyeon TYR-HD-25B rebar spinal bender machines. Any other products of Defendant that ended up in New Jersey are also irrelevant because the Taeyeon TYR-HD-25B rebar spiral bender machine is the only product relevant to this action.

Finally, Plaintiff has not met his burden of establishing that his claims comport with traditional notions of fair play and substantial justice. No evidence has been provided to demonstrate the forum state's interest in adjudicating the dispute, the judicial system's interest in obtaining an efficient resolution, or Plaintiff's interest in convenient and effective relief. However, based on Carroll Marshall's Affidavit, the burden on Defendant is likely to be significant because of the lack of contacts defendant has with the forum state. Further, the requirement that personal jurisdiction comply with traditional notions of fair play and substantial justice is only relevant if the first two prongs have been met. Int'l Shoe, 326 U.S. 316. The first two prongs clearly have not been satisfied here.

The Court is again mindful that "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n.13 (1978).  However, as with the general jurisdiction claim, jurisdictional discovery is not warranted for specific jurisdiction as Plaintiff fails to demonstrate with any particularity that specific jurisdiction might exist.

Plaintiff has not met his burden of establishing a prima facie case that either specific or general personal jurisdiction exists over Defendant.  Plaintiff's bare allegations in the Amended Complaint are not sufficient to make a prima facie showing that personal jurisdiction is proper.  In the face of Defendant's jurisdictional challenge, supported by competent evidence, Plaintiff has not supported the averments that Defendant has sufficient minimum contacts with New Jersey, nor has Plaintiff provided

with reasonable particularity the likely existence of the requisite contacts to warrant jurisdictional discovery. The motion to dismiss will be granted.[3]

## Conclusion

For the reasons set forth here, Defendant's motion to dismiss will be granted. An appropriate Order will be filed.


Dated: June 12, 2014                                /s/ Joseph H. Rodriguez
                                           JOSEPH H. RODRIGUEZ
                                                   U.S.D.J.

---

[3] Of course, a dismissal for lack of personal jurisdiction is not a final judgment on the merits, which would preclude the claim in another court. Callista v. Inversora Internacional Hotelera S.A., No. 07-cv-206 (JHR), 2009 WL 137332, *1 (D.N.J. Jan. 20, 2009) (citing Saudi v. Acomarit Mar. Servs., S.A., 245 F. Supp. 2d 662, 679 (E.D. Pa. 2003), aff'd 114 Fed. Appx. 449 (3d Cir. 2004)).